UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MacuHealth Distribution, Inc.,

    Plaintiff,

v.                                                 Case No. 19-13322

Raquel Davis,                      Sean F. Cox
                                                         United States District Court

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER (ECF NO. 2).

Plaintiff MacuHealth Distribution, Inc. ("MacuHealth") is a Michigan corporation that filed suit against its former employee, Defendant Raquel Davis ("Davis"), asserting breach of contract, unfair competition, and unjust enrichment claims against her. The parties' written contract contains a forum-selection clause wherein the parties submitted to personal jurisdiction and venue in this Court. The matter is before this Court on Davis's motion asking this Court to dismiss this case for improper venue or lack of personal jurisdiction over her, or alternatively, transfer the case to a federal district court in California under 28 U.S.C. § 1404(a). The parties have briefed the issues and the Court concludes that oral argument is not necessary. Local Rule 7.1(f). For the reasons set forth below, this Court shall: 1) enforce the forum-selection clause and decline to dismiss this case for lack of personal jurisdiction or improper venue; and 2) deny Davis's request to transfer this case to the federal court in California under § 1404(a), under the analytical framework that applies to such requests when there is an enforceable forum-selection clause. The motion is DENIED.

1

**BACKGROUND**

In 2015, Plaintiff MacuHealth and Defendant Davis entered into a written agreement, under which Davis was hired as a Sales Representative for the company (the "Agreement"). (ECF No. 5). The Agreement provides that Michigan law governs:

> 11. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan, without giving effect to the principles of conflicts of law thereof.

(Agreement at ¶ 11). It also contains the following provision:

> 12. <u>Review of Agreement</u>. The Employee acknowledges that he/she has been advised to obtain an attorney regarding a review of this Agreement and has had an opportunity to obtain legal advice in connection with this Agreement.

(*Id*. at ¶ 12). It includes the following forum-selection clause that addresses both jurisdiction and venue:

> 21. <u>Venue and Jurisdiction</u>. Each of the parties to this Agreement agree that this Agreement is made in Michigan and each of the parties submit to the non-exclusive jurisdiction of any state or federal courts sitting in Michigan with respect to any action or proceeding arising out of or relating to this Settlement Agreement may be heard and determined in such court and expressly submits the personal jurisdiction and venue of such court for the purposes of this Settlement Agreement and expressly waives any claim of improper venue and any claim that such courts are an inconvenient forum.

(*Id*. at ¶ 21).

While there appears to be a dispute as to whether she resigned or was terminated, it is undisputed that Davis ceased working for MacuHealth in August of 2018.

Thereafter, Davis filed EEOC and California Department of Fair Employment and Housing complaints against MacuHealth. As to those administrative complaints, Davis received "right to sue" letters in June and July of 2019.

On September 19, 2019, MacuHealth filed suit against Davis in Oakland County Circuit Court, asserting the following three claims: 1) Breach of Contract (Count I); 2) Unfair Competition (Count II); and 3) Unjust Enrichment (Count III). On November 12, 2019, Davis removed the case to this Court based on diversity jurisdiction.

Meanwhile, on September 24, 2019, Davis filed suit against MacuHealth, its Chief Executive Officer Frederic Jouhet ("Jouhet"), and several unidentified "john doe" defendants, in the United States District Court for the Eastern District of California, asserting employment discrimination claims ("the California Case"). In the California Case, MacuHealth and Jouhet have asserted various counterclaims against Davis.

A week after removing this case, Davis filed the instant Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), (b)(3) (improper venue), and (b)(6)(failure to state a claim).

## ANALYSIS

Davis's motion and brief ask this Court to do one of two things: 1) dismiss this case for lack of personal jurisdiction over her or improper venue; or 2) transfer this case to the federal district court in California pursuant to 28 U.S.C. § 1404(a).

**I.    This Court Shall Enforce The Forum-Selection Clause And Declines To Dismiss This Case For Lack Of Personal Jurisdiction Or Improper Venue.**

Because the forum-selection clause states that Davis submits to personal jurisdiction and venue in this Court, the first issue the Court must determine is whether it should enforce that forum-selection clause. If the Court does so, then the Court will decline to dismiss this case for lack of personal jurisdiction over Davis, without evaluating her personal jurisdiction argument that is based upon her contacts with Michigan, and decline to dismiss the case for improper

3

venue.

"Courts should uphold a forum-selection clause unless there is a strong showing that the clause should be set aside." *Boling v. Prospect Funding Holdings*, LLC, 771 F. App'x 562, 567-68 (6th Cir. 2019) (citing *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)). Federal law governs the enforceability of a forum-selection clause in a diversity suit such as this case. *Id.*

The Sixth Circuit has set forth the following factors to guide this Court's analysis of whether it should enforce a forum-selection clause: 1) whether the clause was obtained by fraud, duress, or other unconscionable means; 2) whether the designated forum would ineffectively or unfairly handle the suit; and 3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Wong*, 589 F.3d at 828.

The "presumptive validity" of a forum-selection clause may also be set aside "'if enforcement would contravene a strong public policy' *of the forum state*." *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229-30 (6th Cir. 1995) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)) (emphasis added).

As the party opposing the enforcement of the forum-selection clause, Davis bears the heavy burden of showing that the clause should not be enforced. *Wong,* 589 F.3d at 828.

Davis's motion and brief do not assert that the forum-selection clause was obtained by fraud, duress, or other unconscionable means.[1] Nor does she assert that this forum would ineffectively or unfairly handle this diversity suit in which Michigan law applies or that litigating

---

[1] Without any further explanation or analysis, she does call the forum-selection clause "adhesive." (Pl.'s Br. at 8).

in this forum would be so seriously inconvenient that to allow that would be unjust. In other words, Davis does not argue that this Court should set aside the forum-selection clause based on the three *Wong* factors.

Rather, Davis asks the Court to set aside the presumptively valid forum-selection clause, in which she submitted to personal jurisdiction in this Court, because it "contravenes strong public policy." (Pl.'s Br. at 8).

In doing so, however, Davis primarily argues that the forum-selection clause violates *California's* public policy. (*See* Pl.'s Br. at 8-10). As Defendants' brief notes, such arguments are misplaced because Michigan is the forum state, not California. Accordingly, in order to set aside this presumptively-valid forum selection clause under *Bremen*, Davis would have to establish that enforcement of the forum selection clause would contravene a *strong public policy of Michigan*. Davis has not done so. *See, eg., Turcheck v. Amerifund Fin., Inc.*, 272 Mich.App. 341, 345 (2006) ("It is undisputed that Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions.").

Accordingly, this Court shall enforce the forum-selection clause in the parties' Agreement. As such, the Court declines to dismiss this case for lack of personal jurisdiction over Davis or improper venue.

## II. The Court Also Declines To Transfer The Case To California Under § 1404(a).

Next, the Court must decide whether it should transfer this case to the federal court in California under 28 U.S.C. § 1404(a).

Notably, where a forum-selection clause is enforceable and binding on the parties, as it is here, that fundamentally alters the Court's § 1404(a) analysis. Although the presence of a valid

5

forum-selection clause is not dispositive in the Sixth Circuit, the practical import of a valid and applicable clause is that the forum-selection clause "will almost always control." *Boling,* 771 F. App'x at 568. The Sixth Circuit explains this modified analysis as follows:

> A typical *forum non conveniens* analysis involves three steps. *Hefferan,* 828 F.3d at 492. First, the court determines the degree of deference owed the plaintiff's forum choice. The defendant must then establish an "adequate alternative forum" and show that "the plaintiff's chosen forum is unnecessarily burdensome based on public and private interest." *Ibid*. In *Atlantic Marine*, the Supreme Court concluded than an enforceable forum-selection clause alters this analysis in three important ways. 571 U.S. at 63, 134 S.Ct. 568. First, the plaintiff's choice of forum no longer receives any weight. Instead, the plaintiff must show why the court should not transfer the case to the selected forum*. Ibid.* Second, the court should only consider arguments about public-interest factors, and not the parties' private interests. Public-interest factors, the Court observed, will "rarely defeat a transfer motion," and thus the practical result" is that forum-selection clauses will almost always control. Third, when a party bound by a forum-selection clause files suit in a different forum, the transfer of venue will not carry the original venue's choice-of-law rules. *Ibid.*

*Id.* at 568.

The analysis of the situation presented here is very similar to this Court's decision in *United American Healthcare Corp. v. Backs*, 997 F.Supp.2d 741 (E.D. Mich. 2014), which MacuHealth cites. That case also involved a defendant's request to transfer a case to California under § 1404(a) despite the existence of a valid and enforceable forum-selection clause.

As in that case, Davis's counsel makes assertions that the forum-selection clause at issue here is permissive rather mandatory. But here too defense counsel has cited no authority showing that this distinction is even relevant *in this jurisdiction*, nor any binding authority showing that such a distinction would change this Court's analysis of the § 1404 issues. *Id*. 750. Therefore, this Court's analysis will be informed by *Atlantic Marine*. *Id.*

And Davis's motion does not even undertake a §1404(a) analysis under *Atlantic Marine*.

6

Rather, her motion proceeds as if the normal § 1404(a) analysis applies. It does not.

Under *Atlantic Marine*, this Court disregards the convenience of Davis in determining whether to transfer venue. The parties agreed that Michigan would be a convenient venue and Davis expressly agreed to waive her right to challenge the convenience of Michigan as a venue for this litigation. The "private factors, therefore, automatically fall in favor of keeping the case in Michigan." *Id*. at 750.

Having dispensed with the private factors as disfavoring a venue transfer, this Court should only transfer this case to a California federal court if public factors fall strongly in favor of a transfer. *Id.* "Public interest factors include 'the administrative difficulties flowing from court congestion'; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Boling,* 771 F. App'x at 568 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).

These factors favor keeping the case in Michigan. The parties' Agreement provides that Michigan law governs. Thus, the public interest in having a trial in this diversity case occur here, a forum that is very familiar with Michigan law, weighs in favor of keeping the case here. In addition, MacuHealth has presented statistics that show that this Court is less congested than the proposed federal court in California, and the average time between filing and trial is faster in this Court. (*See* MacuHealth's Br. at 13 & its Ex. 3).

As such, the Court shall deny Davis's request to transfer this case to the federal court in

California.

## CONCLUSION & ORDER

For the reasons stated above, IT IS ORDERED that Defendant's motion is DENIED.

IT IS SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: March 6, 2020