UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MacuHealth Distribution, Inc.,

    Plaintiff,

v.                                  Case No. 19-13322

Raquel Davis,                 Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## MACUHEALTH'S MOTION TO AMEND ITS COMPLAINT

On or about June 19, 2019, Plaintiff MacuHealth Distribution, Inc. ("MacuHealth") filed suit against Defendant Raquel Davis ("Davis") in state court. The action was removed to federal court based upon diversity jurisdiction.

The Scheduling Order in this matter provides that the deadline to add parties or amend the complaint was August 10, 2020. (ECF No. 15). Discovery, which was extended at the request of the parties, closed on September 14, 2021. (ECF No. 24).

The parties were scheduled to appear for the Final Pretrial Conference in this matter on Monday, November 22, 2021. On Friday, November 19, 2021, MacuHealth filed a motion seeking leave to file an amended complaint that would add a new claim – a claim for violation of Michigan's Uniform Trade Secrets Act. (*See* ECF Nos. 27 & 28). The motion asserts that MacuHealth became aware of the factual basis for this claim back in July 2021, during Davis's deposition in this case. The motion notes that the motion is opposed by Davis. The Court concludes that a hearing on this motion is not necessary.

Rule 15 of the Federal Rules of Civil Procedure provides that, at this stage of the

litigation, Plaintiff may amend its complaint only with the opposing party's written consent or this Court's leave. FED. R. CIV. P. 15(a). Davis opposes MacuHealth's motion so MacuHealth must obtain leave of this Court in order to amend its complaint.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Reasons that warrant denying a motion for leave to amend include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* at 182.

Where, as here, "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). And "[t]he longer the delay, the less prejudice the opposing party will be required to show." *Dubac v. Green Oak Twp.*, 312 F.3d 736, 752 (6th Cir. 2002) (citing *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)).

Here, MacuHealth waited until November 19, 2021 – more than a year after the Court's deadline for filing an amended complaint, and one business day prior to the Final Pretrial Conference in this matter – to seek leave to file an amended complaint that would add a claim under Michigan's Uniform Trade Secrets Act. And MacuHealth's own motion states that MacuHealth became aware of the alleged factual basis for this new claim during Davis's deposition back on July 13, 2021. Yet MacuHealth waited until November 19, 2021 to seek

leave to file an amended complaint. MacuHealth has not provided any reason why it waited until one business day prior to the Final Pretrial Conference in this matter to seek leave to amend.

MacuHealth asserts that its proposed amended complaint "would not require any additional discovery except for a Subpoena to PRN." (ECF No. 28 at PageID.597). Davis, who opposes the motion, obviously disagrees. To allow MacuHealth to add a trade-secret claim after the close of discovery and the deadline for filing dispositive motions, and on the eve of trial, would severely prejudice Davis. And if the Court were to re-open discovery at this late stage that would also prejudice Davis by significantly delaying resolution of this case that has already been pending for more than two years.

Accordingly, the Court ORDERS that MacuHealth's motion seeking leave to file an amended complaint is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: November 23, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 23, 2021, by electronic and/or ordinary mail.

s/Jennifer McCoy<br>
Case Manager