UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MACUHEALTH DISTRIBUTION, INC.,

                        Case No. 2:19-cv-13322-SFC-EAS

        Plaintiff,

v.                        HONORABLE SEAN F. COX
                            UNITED STATES DISTRICT JUDGE

RAQUEL DAVIS,

        Defendant.

_____/

**RAQUEL DAVIS'S TRIAL BRIEF**

Raquel Davis, by and through undersigned counsel, submits this Trial Brief, pursuant the Court's Order of 12/14/21:

**FACTS**

MACUHEALTH HIRES RAQUEL DAVIS AS SALES REPRESENTATIVE;
IN ONE YEAR, MS. DAVIS EXCEEDS COMPANY SALES RECORDS FOR
HER TERRITORY, AND EARNS COMPANY AWARDS.

This is a sex discrimination and retaliation case. Raquel Davis began her career with MacuHealth in June 2015. MacuHealth hired Raquel Davis based on her good name and excellent professional experience. (Tr. Ex. 1 – Resume of R. Davis Meira.) MacuHealth sells eye health support supplements. MacHealth advertises that these supplements prevent "age-related macular degeneration" and promote eye health. (Tr. Ex. 4 – Employment Agreement at 1, ¶ 2.) The Company brought on Raquel Davis to sell eye support supplements.

1

By MacuHealth's own account, Ms. Davis was a stellar salesperson. In her first year with MacuHealth, Raquel Davis excelled at her job (Tr. Ex. 6 – 2016 Evaluation). At MacuHealth, Raquel Davis consistently met and exceeded the goals MacuHealth set for her, grew her sales territory, and received awards and recognition from the Company for her sales performance. (*See generally* Tr. Exhs. 1; Ex. 3.) The Company praised Ms. Davis's "exceptional relationship building skills" and ability to develop "new business" for MacuHealth. (Tr. Ex. 6 – 2016 Evaluation at 1, ¶ 2.) In one year, Ms. Davis grew her territory over "125%"—from six accounts to "over 40 new accounts". (*Id*. at 1, ¶ 3.) MacuHealth lauded Ms. Davis as "a pleasure to work with and an asset to… the company." (*Id*. at 2, ¶ 2.)

### RAQUEL DAVIS SUFFERS ADVERSE EMPLOYMENT ACTIONS *AFTER* SHE REBUFFS MACUHEALTH CEO'S SEXUAL HARASSMENT ADVANCES

While Raquel Davis was excelling at her job, MacuHealth CEO Frederic Jouhet sent Ms. Davis numerous personal messages, designed to woo her. (*See* R. Davis Complaint at ¶¶ 1-48.) Mr. Jouhet repeatedly expressed his desire that the two be together—and offered to buy Ms. Davis a home. (*See id*.) Although Ms. Davis told Mr. Jouhet that she was not interested, Mr. Jouhet told Ms. Davis that Jouhet enjoyed the "chase." (*See* R. Davis Meira Complaint at ¶ 42.) But over time, the dynamic between Ms. Davis and her boss at MacuHealth worsened.

2

On or about February 5, 2017, Raquel Davis informed some of her colleagues that she was dating someone. Almost immediately, Mr. Jouhet's tenor changed toward Ms. Davis. Suddenly, Mr. Jouhet began acting in a hostile manner towards Ms. Davis. Then, Ms. Davis's performance evaluations turned negative (Ex. 4 – Post 2016 Evaluations); she began to lose fringe benefits (*see* R. Davis Meira Complaint at ¶¶ 1-68.) In or around May 2017, MacuHealth Supervisor Mr. Israel notified Ms. Davis that Mr. Jouhet was unhappy with her and threatened to terminate her employment. Ms. Davis was unsure how to react to that statement as she had been consistently working hard and performing well. She pleaded with Mr. Israel to let her keep her job. On or about June 22, 2017, Ms. Davis and Mr. Israel conducted a video conference call for Ms. Davis's two (2) year performance review. Ms. Davis's sales territory was doing well and on target, but she was not given a raise.

MacuHealth's trend of adverse treatment towards Ms. Davis continued well into 2018. In or around June 2018, Ms. Davis and Mr. Israel met for Ms. Davis's three (3) year performance review. Ms. Davis's territory was again performing the best in the nation. Despite this, MacuHealth did not give Ms. Davis a raise for the second year in a row. Two months later, the Company fired her. As a result, Ms. Davis has suffered economic damages, along with emotional distress. Ms. Davis's emotional distress from Defendants' workplace discrimination and sexual

3

harassment caused her to lose not only her job with MacuHealth, but a subsequent sales job. To this day, MacuHealth continues to retaliate against her.

## ARGUMENT

## SEXUAL HARASSMENT, REBUFFED ADVANCES, & RETALIATION— RAQUEL DAVIS'S SEX DISCRIMINATION CLAIMS AGAINST MACUHEALTH AND CEO FREDERIC JOUHET ARE MERITED.

### A. RAQUEL DAVIS HAS VIABLE SEX DISCRIMINATION CLAIMS AGAINST MACUHEALTH AND ITS CEO, FREDERIC JOUHET.

This is a case of sex discrimination and retaliation. Title VII of the Civil Rights Act of 1964 prohibits employers from "fail[ing] or refus[ing] to hire or … discharg[ing] any individual, or otherwise… discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-3(a)(1). Likewise, the Elliott-Larsen Civil Rights Act prohibit employers discriminating against employees in the compensation, terms, and conditions and privileges of employment on the basis of her race, age, sex, and gender. 29 U.S.C. § 623; M.C.L. §37.2202. Economic and noneconomic damages (such as mental anguish, pain and suffering, emotional distress, and other psychological, emotional, and physical harm) are applicable in this action.

The evidence will show that MacuHealth and Frederic Jouhet violated the state and federal sex discrimination laws by allowing Frederic Jouhet to (1) repeatedly sexually harass Ms. Davis, (2) orchestrate Ms. Davis's termination,

4

contrary to law, then (3) retaliate against her. Raquel Davis has suffered damage to her professional name and reputation because of the actions referenced here. *See* 45 Am. Jur. Job Discrimination § 244 (West Group 2012) ("an adverse action may include termination of employment, demotion evidenced by decrease in wage or salary, ***a less distinguished title***, a ***material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation***" (emphasis added)). Moreover, Ms. Raquel Davis suffered wage and benefit losses from June 2017, until the present. But most important, the evidence will show Ms. Raquel Davis suffered shame, embarrassment and emotional distress from this matter. She felt the embarrassment of the adverse employment action, the loss of pay and benefits, and the loss of the next job. MacuHealth and Frederic Jouhet's wrongful actions damaged Raquel Davis's personal dignity—and left her depressed. Accordingly, she is entitled to compensatory damages, back pay, other appropriate relief. *See, e.g., United States v. Balistieri*, 981 F.2d 916, 933 (7th Cir 1992).

**B.    MACUHEALTH & FREDERIC JOUHET'S ILLUSORY, RETALIATORY (AND REACTIONARY) COUNTER-CLAIMS FAIL, IN PART, BECAUSE THEY BREACHED THE EMPLOYMENT CONTRACT WITH RAQUEL DAVIS.**

MacuHealth cannot prove that it could succeed on its contract claims against Ms. Davis. MacuHealth's wrongful discrimination—and CEO Frederic Jouhet's pervasive sexual harassment of Ms. Davis—was a material breach of the

5

employment contract. "The rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Michaels v. Amway Corp.*, 522 N.W.2d 703, 706 (Mich. Ct. App. 1994) (*quoting Flamm v. Scherer*, 198 N.W.2d 702, 706 (Mich. Ct. App. 1972)). The evidence will show that Frederic Jouhet's sexual harassment—and MacuHealth's failure to prevent that harassment—is a material breach of the employment contract. *See, e.g., McCarty v. Mercury Metalcraft Co.*, 127 N.W.2d 340, 343 (Mich. 1964)(A "substantial breach is one where the breach effects such a change in the operation of the contract that further performance by the other party is rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party." [citation omitted]). Thus they cannot prevail here.

MacuHealth's other counter-claims (breach of contract, unfair competition, etc.) are meritless reactionary attempts to obfuscate the real issues at bar: *sexual harassment, wrongful termination & retaliation*. All of these claims arose after MacuHealth learned Ms. Davis was exercising her rights at the administrative level. Thus MacuHealth's claims of damages have no basis in fact, and should fail.

## CONCLUSION

For the reasons articulated above, a judgment should be entered in favor of Raquel Davis, along with costs, interest, and attorney fees.

6

Dated: December 29, 2021

        Respectfully submitted,

        /s/_____*John H. DeYampert, Jr*._____
        John H. DeYampert, Jr. (P65626)
        Shonna L. Hawkins (P74470)
        DEYAMPERT & HAWKINS
        DEYAMPERT LAW COMPANY PLLC
        25240 Lahser, Suite 1
        Southfield, MI 48033
        Tel: (313) 583-9529
        jdeyampert@deyampertlawco.com
        shawkins@deyampertlawco.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

John W. Henke, III, Esquire
Michael A. Gagleard, Esquire
251 Merrill Street, Suite 212
Birmingham, MI 48009
(248) 647-8590
jwhenke@aol.com
mag@iglawfirm.com

/s/ *John H. DeYampert Jr.*
_____
JOHN H. DEYAMPERT JR.