UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MacuHealth Distribution, Inc., *et al.*,

    Plaintiffs/Counter-Defendants,

v.                                      Case No. 19-13322

Raquel Davis,                        Sean F. Cox
                                                  United States District Court Judge

    Defendant/Counter-Plaintiff.
_____/

## ORDER
## GRANTING DAVIS'S MOTION TO QUASH SUBPOENA

This litigation between Plaintiffs/Counter-Defendants MacuHealth Distribution, Inc. and its Chief Operating Officer Frederic Jouhet (collectively referred to here as "MacuHealth") and Defendant/Counter-Plaintiff Raquel Davis ("Davis") commenced in 2019.

The Scheduling Order in this case expressly provided that "All discovery shall be completed by May 21, 2021" and that any discovery motions had to be filed two weeks prior to that date. (*See* ECF No. 15 at 1). At the request of the parties, however, this Court extended the deadline for the completion of discovery to September 14, 2021. (*See* ECF No. 24).

This case was scheduled to proceed to a jury trial on February 9, 2022, and therefore, all trial materials have been filed. Another civil action, however, proceeded to a jury trial before this Court on that date. Thus, this case is ready for trial and is simply awaiting a new trial date.

On February 10, 2022, Davis filed a "Motion To Quash MacuHealth's Subpoena For Ms. Davis's Personal Cell Phone Records From Third Party Provider Verizon." (ECF No. 69). Davis asks the Court to quash a subpoena that MacuHealth issued to Verizon Wireless on January 5,

1

2022. Among other things, Davis contends the subpoena was improperly issued after discovery in this action closed. MacuHealth responded to the motion on February 17, 2022.

The Court finds that oral argument is not necessary and shall decide the motion based upon the briefs. For the reasons that follow, the Court shall grant Davis's motion and quash the subpoena that MacuHealth served on Verizon Wireless after the close of discovery in this case.

As this Court explained in *McGuire*, a subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the Court's Scheduling Order. *McGuire v. Warner*, 2009 WL 2370738 at *1 (E.D. Mich. 2009).

The decision to quash a subpoena is within the sound discretion of a district court. *Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003). A district court acts within its discretion in quashing a subpoena that is served after the discovery deadline. *Buhrmaster v. Overnite Trans. Co.*, 61 F.3d 461, 464 (6th Cir. 1995); *Ghandi v. Police Dep't*, 747, F.2d 338, 354 (6th Cir. 1984); *Fields v. Runyon,* 99 F.3d 1138 (6th Cir. 1996) ("It is not an abuse of discretion to quash a subpoena served after the discovery deadline.").

The Scheduling Order in this case expressly provided that all discovery had to be completed by May 21, 2021, but this later Court extended that deadline until September 14, 2021 at the request of the parties. Thus, MacuHealth had ample opportunity to issue third-party subpoenas during the generous discovery period in this case. It failed to do so and it has offered no explanation as to why it could not have served the subpoena at issue during discovery. MacuHealth waited until the eve of the scheduled trial to issue the subpoena at issue, in an attempt reopen discovery after it had closed. And the Court concludes that Davis would be

unfairly prejudiced by the reopening of discovery at this juncture.

Accordingly, IT IS ORDERED that Davis's Motion to Quash is GRANTED and the Court ORDERS that the subpoena dated January 5, 2022, issued to Verizon Wireless is QUASHED in its entirety.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: March 1, 2022